AO 91 (Rev. 08/09)  Criminal Complaint



# UNITED STATES DISTRICT COURT
### for the
Northern District of California

**FILED**

APR 2 5 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| ANJI REDDY DIRISANALA, | ) Case No. |
| | ) |
| | ) OAKLAND VENUE |
| *Defendant(s)* | ) |

Case No. **4-11-7046** MAG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 5, 2010 _____ in the county of _____ Alameda _____ in the
_____ Northern _____ District of _____ California _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1546(a) | Visa Fraud |
| 18 U.S.C. § 2 | Aiding and Abetting the Commission of Visa Fraud |

This criminal complaint is based on these facts:

Affidavit in Support of a Criminal Complaint by Dale Taylor, Special Agent, Department of Homeland Security, Immigration and Customs Enforcement.

☐ Continued on the attached sheet.

Approved as to Form:

*WM Ry* (signature)

WADE M. RHYNE, AUSA

_____
*Complainant's signature*

Dale Taylor
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____ 4/25/11 ____

City and state: _____ Oakland, California _____

_____
*Judge's signature*

Donna M. Ryu, U.S. Magistrate Judge
*Printed name and title*

Document No.

District Court
Criminal Case Processing

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:   ANJI REDDY DIRISANALA

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Dale Taylor, do swear and affirm as follows:

## I.      INTRODUCTION AND PURPOSE FOR AFFIDAVIT

1.      I make this affidavit in support of a criminal complaint and summons against Anji

Reddy DIRISANALA for visa fraud, in violation of Title 18, United States Code, Section

1546(a), and aiding and abetting the commission of visa fraud, in violation of Title 18, United

States Code, Section 2.  The statements contained in this affidavit are based on my experience

and training as a Special Agent and on the information provided to me by other law enforcement

officers.  Because I submit this affidavit for the limited purpose of securing a complaint and

summons, I have not included each and every fact known to me concerning this investigation.

Rather, I have set forth only the facts that I believe are necessary to establish probable cause that

DIRISANALA violated Title 18, United States Code, Sections 1546(a) and 2.

## II.     AGENT BACKGROUND

2.      I am a Special Agent with the Department of Homeland Security ("DHS"),

Immigration and Customs Enforcement ("ICE"), and have been so employed since May 2007.  I

am currently assigned to the Document and Benefit Fraud Task Force for the San Francisco,

California, Office of the Special Agent in Charge.

3.      I have participated in approximately 40 visa fraud investigations, including three

involving educational institutions; have interviewed approximately 75 aliens suspected of

1

violating United States immigration laws; and have been involved in approximately 25 arrests for student visa violations.

4.  In addition to completing the Criminal Investigator Training Program and ICE Special Agent Training course at the Federal Law Enforcement Training Center in Glynco, Georgia, I have participated in ICE's National Security Investigations Western Region Training Conference (2008) and the National Joint Terrorism Task Force Conference (2009). I obtained my Bachelor of Science degree in Computer Information Systems from Chapman University.

5.  I have also discussed this investigation with an ICE adjudicator assigned to the Student Exchange and Visitor Program (SEVP) School Certification Branch, who has been involved in the inspections of at least twenty-seven SEVP-approved schools. From these discussions, I know that all U.S. schools must file a petition and be approved by SEVP before they can sponsor foreign nationals to receive student status to enter and remain in the United States. SEVP approval is contingent upon a petitioning school's agreement to abide by certain regulations that require, among other things, reporting of foreign student residence addresses and failure of foreign students to maintain full courses of study. A school that does not comply with the reporting requirements may have its sponsorship privileges revoked.

6.  As a result of this training and experience, I am familiar with the United States' immigration laws and regulations, including those relating to student visas and status violations. I am aware that an alien who has entered the United States on a valid student visa may become removable if that alien fails to comply with the visa terms. I know that there is a very high demand for student visas, and that some people seek such visas and visa-related documents as a means entering and remaining in the United States, without ever intending to pursue a full course

2

of study. I also know that some schools seek to profit from the demand for student visas by issuing visa-related documents and falsely reporting students' status to DHS in exchange for "tuition" fees.

## III. APPLICABLE LAW

7.      Title 18, United States Code, Section 1546(a) makes it a criminal offense to "knowingly forge[] . . . or falsely make[] any . . . document prescribed by statute or regulation for entry into or as evidence of authorized stay . . . in the United States," or to "use[], attempt[] to use, posses[], obtain[], accept[], or receive[]"any such document, "knowing it to be forged . . . or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained." 18 U.S.C. § 1546(a).

8.      The Immigration and Nationality Act identifies several categories of foreign nationals who may be admitted to the United States for non-immigrant purposes. *See* 8 U.S.C. § 1101. One such category, designated "F-1," comprises "bona fide student[s]" coming temporarily to study at an approved school. 8 U.S.C. § 1101(a)(15)(F)(i); 8 C.F.R. § 214.1(a)(2). Those entering the United States on an F-1 student visa are admitted for a temporary period called "duration of status," meaning "the time during which an F-1 student is pursuing a full course of study" at an approved school. 8 C.F.R. § 214.2(f)(5)(i). When a student stops pursuing a full course of study, the duration of status ends and the temporary period for which the individual was admitted expires.

9.      To enter the United States on a student visa, a foreign national must present a Certificate of Eligibility, also known as a Form I-20, certifying that the student has been accepted for enrollment in a full course of study and signed by a Designated School Official (DSO). **8**

3

C.F.R §§ 214.2(f)(1)(i)(a), 214.3(k). Once a student has been granted F-1 status using this "initial" I-20, DSOs are obligated to report within 21 days, the failure of any student "to maintain status." 8 C.F.R. § 214.3(g)(3)(ii)(A). A "student is considered to be maintaining status if he or she is making normal progress toward completing a course of study." 8 C.F.R. § 214.2(f)(5)(i). Such status is documented through an "active" I-20. Physical attendance is required. *See* 8 C.F.R. § 214.2(f)(6)(i)(G). An approved school is obligated to report "the termination of attendance of each nonimmigrant student." 8 U.S.C. § 1101(a)(15)(F)(i). All such reporting is conducted through a DHS-operated electronic database of non-immigrant aliens' status, known as the Student and Exchange Visitor Information System (SEVIS).

## IV.  FACTS ESTABLISHING PROBABLE CAUSE

### A.  Investigation Background

10.  I have been involved in an ICE investigation of TRI-VALLEY UNIVERSITY (TVU) since May 2010, when ICE received a tip that TVU had hundreds of foreign students who were using the school only to maintain F-1 student visa status, that the school had no physical classes, and that the school's president, Susan SU, was providing F-1 students with unauthorized access to SEVIS.

11.  SEVIS records confirm access from internet protocol addresses not associated with a TVU DSO. SEVIS records further reveal that TVU had 939 active F-1 students in May 2010, and that more than half of these were reported to be residing at 555 E. El Camino Real, Apartment 415, Sunnyvale, California. Lease records for the property identify four TVU students having lived there, but none in 2010.

12.  As part of its investigation, ICE interviewed Anji Reddy DIRISANALA on May

4

17, 2010. DIRISANALA advised that he had transferred to TVU in February 2010, but had never taken any classes. He also advised that SU signs the I-20 Forms in the DSO's names, and that TVU falsely reports in SEVIS that most of its foreign students live at 555 E. El Camino Real, Apartment 415, in order to conceal that they do not live in California.

13.     ICE agents interviewed DIRISANALA again at his request on June 2, 2010. DIRISANALA reported that he worked in TVU's office under SU, along with several other foreign students. He further reported that none of TVU's DSOs besides SU actually works in the office; that SU instructs the student-employees to access SEVIS, enter updates, and print I-20s; and that SU then signs the I-20s in the names of the DSO from whose SEVIS account the Forms were printed. DIRISANALA also stated that he had heard SU instruct student-employees to create false academic transcripts.

14.     In another interview on October 7, 2010, DIRISANALA clarified that he began working in TVU's office in early February 2009. As part of his duties, DIRISANALA responded to telephone calls and emails from prospective F-1 students, telling them to email their biographical data to a TVU email account. DIRISANALA advised that SU instructed him to create letters of admission and I-20s based on information provided by the applicants, using laptop computers through which SU had already logged into the SEVIS database. DIRISANALA further stated that SU had instructed him never to reject applicants, despite the vast majority of them not providing diplomas, transcripts, or other support for their applications.

### B.     Cooperating Witness

15.     In the course of ICE's investigation, I learned that an ICE office in Louisville, Kentucky received a tip letter on December 9, 2010, regarding an individual whom I will identify

5

as Cooperating Witness (CW). In the letter, CW was identified as an Indian national residing in the United States as an F-1 student, in violation of his visa for never having attended school. A SEVIS query showed that CW was actively enrolled at TVU as of May 11, 2010, and reportedly residing at 555 E. El Camino Real, Apartment 415, Sunnyvale, California.

16.     On December 21, 2010, an ICE agent left a voice mail message at TVU requesting a return call. The following day, a TVU employee returned the call, spoke to the agent, and then put Susan SU on the phone. The agent explained to both the employee and to SU that he needed copies of transcripts, a Form I-20, and a letter verifying enrollment in a full course of study for CW in order to verify his immigration status. Both the employee and then SU herself advised that the documents would be delivered via email.

17.     On December 22, 2010, agents received an email from SU – using the email address sus@trivalleyuniversity.org and signed "Best Regards, Susan Su" – attaching an unsigned copy of CW's Form I-20, transcripts showing courses taken and grades received, and a letter bearing a signature for Sophie Su, TVU Admission and Record Officer. The letter represented that CW was currently enrolled at TVU's School of Business, attending classes, and in good academic standing. I know from my training and experience, and conversations with SEVP personnel, that an unsigned Form I-20 still constitutes an active entry in SEVIS and is a document prescribed by statute and regulation for entry into or as evidence of authorized stay in the United States.

18.     On January 20, 2011, ICE agents sought to interview CW at his residence, outside of the San Francisco Bay Area, regarding his student status at TVU. CW consented to the interview and stated that he was an F-1 student at TVU and that he had been taking online classes

6

there since May 2010. After agents advised CW that ICE was investigating TVU for fraud, CW admitted that he had generally not been attending his classes (although he stated he had logged in to three or four online classes in the past), and that most of those he sought to attend online had been cancelled. He further explained that he had contacted SU after receiving transcripts from TVU for classes that he had not attended, and that she had told him that his grades based on his "previous work experience," and his results on a single test he had taken.

19.     On January 19, 2011, ICE agents executed search warrants at TVU's offices and SU's residences. Among the items seized were numerous computers and digital media storage devices containing evidence of visa-related documents. On an external hard drive was a folder named "May-Anji," containing several subfolders named according to the format of Day-Month-Year, which in turn contain various types of computer files and additional subfolders. One of these subfolders, named "05 May 2010," contained an unsigned Form I-20 for CW, issued on May 5, 2010. The I-20 contains a printed signature line for DSO Sophie Su, showing that it was accessed using her SEVIS username and password. A subfolder bearing CW's name contained Microsoft Word and .pdf versions of a file entitled, "TVU-Registration Invoice-Receipt-2010Mba," which appears to be receipts of payments made by CW to TVU.

20.     On April 13, 2011, I re-interviewed DIRISANALA and inquired how digital documents and media were stored and processed while he worked in TVU's office. DIRISANALA explained that, when he arrived for work each day, SU gave him a "pen drive" (a small, portable, digital storage device) on which he would store all of his work before returning it to SU at the end of the day. SU would then transfer the pen drive's contents to a folder that she maintained in his name on an external hard drive. DIRISANALA explained he saved the work

7

he did each day to folders that he created on his pen drive, which he named by date in a Day-Month-Year format, and that he had subfolders for each student to whom his documents pertained. After viewing the "May-Anji" folder found on the external hard drive during the search warrant, DIRISANALA confirmed that subfolders within it, including the 05 May 2010 subfolder and its contents, were his.

21. DIRISANALA advised that, after one month from his joining TVU in February 2010, he was aware that the school did not require its students to attend classes – either in person or online – in order to maintain their F-1 visa status.

## V.   **CONCLUSION**

22. Based on the above information, there is probable cause to believe that on May 5, 2010, in the Northern District of California, Anji Reddy DIRISANALA did knowingly and falsely make a Form I-20, which is a document prescribed by statute and regulation for entry into and as evidence of authorized stay in the United States, in violation of Title 18, United States Code, Section 1546(a), and did aid and abet the same, in violation of Title 18, United States Code, Section 2.

## VI.   **REQUEST FOR SEALING ORDER**

23. The investigation regarding Tri-Valley University, Susan SU, and other subjects is ongoing. Disclosure of this affidavit and the criminal complaint may result in the destruction of evidence, witness tampering, and/or the flight of TVU student-witnesses. Indeed, several former TVU students who may be potential witnesses have already returned to their native countries. Accordingly, I request that the Court direct the Clerk of the Court to maintain this affidavit and criminal complaint under seal.

9

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

_____
Dale R. Taylor, Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Sworn and subscribed to before me this 25th day of April, 2011.

_____
HON. DONNA M. RYU
United States Magistrate Judge

10