MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

WADE M. RHYNE (CABN 216799)
HARTLEY M.K. WEST (CABN 191609)
DAVID B. COUNTRYMAN (CABN226995)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    wade.rhyne@usdoj.gov
    hartley.west@usdoj.gov
    david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 11-00742 KAW |
| Plaintiff, | |
| v. | APPLICATION OF THE UNITED STATES FOR AN ORDER OF FORFEITURE |
| VISHAL DASA, ANJI REDDY DIRISINALA, RAMAKRISHNA REDDY KARRA, AND TUSHAR TAMBE, | |
| Defendants. | |

    The United States of America, by and through the undersigned Assistant United States Attorneys, respectfully submits this Application of the United States for an Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

    On March 21, 2013, defendants Vishal Dasa, Anji Reddy Dirisinala, and Ramakrishna Reddy Karra (hereinafter "defendants") were charged by Superseding Information with violation of Title 18, United States Code, Section 371 (Conspiracy to Commit Unauthorized Access of a Government Computer). The Superseding Information also sought criminal forfeiture pursuant to Title 18, United

1  States Code, Section 982(a)(2)(B) of:

2      Any property, real or personal that constitutes, or is derived from,
3      proceeds obtained directly or indirectly from the commission of the
       offense of conviction.

4  (hereinafter "money judgment")

5      On April 1, 2013, defendant Dasa pled guilty to the Superseding Information charging him with

6  Conspiracy to Commit Unauthorized Access of a Government Computer, in violation of Title 18, United

7  States Code, Section 371.  Defendant also agreed to forfeit the following property to the United States:

8      $4,375 in United States currency... which constitutes or is derived from the
9      proceeds obtained directly or indirectly from the charge….

10 ("Dasa money judgment")

11     On April 1, 2013, defendant Dirisanala pled guilty to the Superseding Information charging him

12 with  Conspiracy to Commit Unauthorized Access of a Government Computer, in violation of Title 18,

13 United States Code, Section 371.  Defendant also agreed to forfeit the following property to the United

14 States:

15     $18,270  in United States currency... which constitutes or is derived from the
16     proceeds obtained directly or indirectly from the charge….

17 ("Dirisanala money judgment")

18     On April 1, 2013, defendant Karra pled guilty to the Superseding Information charging him with

19 Conspiracy to Commit Unauthorized Access of a Government Computer, in violation of Title 18, United

20 States Code, Section 371.  Defendant also agreed to forfeit the following property to the United States:

21     $4,810  in United States currency... which constitutes or is derived from
22     the proceeds obtained directly or indirectly from the charge….

23 ("Karra money judgment")

24     Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable

25 after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an

26 indictment or indictment with regard to which criminal forfeiture is sought, the court shall determine

27 what property is subject to forfeiture under the applicable statute.  If forfeiture of specific property is

28 sought, the court shall determine whether the government has established the requisite nexus between

States Code, Section 982(a)(2)(B) of:

> Any property, real or personal that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of the offense of conviction.

(hereinafter "money judgment")

On April 1, 2013, defendant Dasa pled guilty to the Superseding Information charging him with Conspiracy to Commit Unauthorized Access of a Government Computer, in violation of Title 18, United States Code, Section 371.  Defendant also agreed to forfeit the following property to the United States:

> $4,375 in United States currency... which constitutes or is derived from the proceeds obtained directly or indirectly from the charge….

("Dasa money judgment")

On April 1, 2013, defendant Dirisanala pled guilty to the Superseding Information charging him with  Conspiracy to Commit Unauthorized Access of a Government Computer, in violation of Title 18, United States Code, Section 371.  Defendant also agreed to forfeit the following property to the United States:

> $18,270  in United States currency... which constitutes or is derived from the proceeds obtained directly or indirectly from the charge….

("Dirisanala money judgment")

On April 1, 2013, defendant Karra pled guilty to the Superseding Information charging him with Conspiracy to Commit Unauthorized Access of a Government Computer, in violation of Title 18, United States Code, Section 371.  Defendant also agreed to forfeit the following property to the United States:

> $4,810  in United States currency... which constitutes or is derived from the proceeds obtained directly or indirectly from the charge….

("Karra money judgment")

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or indictment with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute.  If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between

the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment".

At sentencing - or at any time before sentencing if the defendants consent - the orders of forfeiture become final as to the defendants and shall be made part of their sentences and included in the judgments. The court may include in the orders of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

Accordingly, that property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(B). THEREFORE, the United States respectfully requests that the Court enter the proposed Order of Forfeiture, directing that:

1. Defendant Dasa defendant pay the sum of $4,375;
2. Defendant Dirisanala pay the sum of $18,270; and
3. Defendant Karra pay the sum of $4,810.

Dated: 12/3/13                                    Respectfully submitted,

                                                  MELINDA HAAG
                                                  United States Attorney

                                                     /S/

                                                  DAVID B. COUNTRYMAN
                                                  WADE M. RHYNE
                                                  HARTLEY M.K. WEST
                                                  Assistant United States Attorneys

APPLICATION FOR AN ORDER OF FORFEITURE                                                3
CR 11-00742 KAW